# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
Jan 15, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of <br> Motorola Edge 5G UW (2021); Serial Number: ZD2225XJX3; IMEI: 355210752762407, CURRENTLY LOCATED AT the Federal Bureau of Investigation, Redding Residential Agency | Case No. 2:26-sw-0028 CSK |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the ___Eastern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2252(a)(2) | Distribution of Child Sexual Abuse Material |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☐ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
*Applicant's signature*

Nathaniel Adler, Special Agent, FBI
*Printed name and title*

Sworn to me and signed telephonically.

Date: January 15, 2026

*Judge's signature*

City and state: Sacramento, California

CHI SOO KIM, U.S. Magistrate Judge
*Printed name and title*

Eric Grant
United States Attorney
ZACHARY MALINSKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of: | CASE NO. |
|---|---|
| Motorola Edge 5G UW (2021); Serial Number: ZD2225XJX3; IMEI: 355210752762407, CURRENTLY LOCATED AT the Federal Bureau of Investigation, Redding Residential Agency | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

1.  I, Nathaniel Adler, being first duly sworn, hereby depose and state as follows:

## I.  INTRODUCTION AND AGENT BACKGROUND

2.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3.  I am a Special Agent with the Federal Bureau of Investigation, and have been since March 2024. Prior to my current assignment, beginning September 2016, I was a member of the FBI's physical surveillance program where I utilized special training and experience to gather evidence on ongoing FBI investigations, including matters such as counterintelligence, counterterrorism, and violent crimes. I completed training at the FBI's training academy that included training in interview and interrogation, search warrant affidavits and their service, evidence search and seizure procedures, arrests, firearms, and defensive tactics. As an FBI Special Agent, I assisted with the service of search

AFFIDAVIT                                1

warrants in crimes against children (CAC) investigations, including the seizure of digital devices related to child sexual abuse material (CSAM, also known as child pornography). I have experience with investigations related to kidnapping, elder abuse fraud, fugitives, violent crimes against children (VCAC), and the production of CSAM..

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.     IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is a(n) Motorola Edge 5G UW (2021); Serial Number: ZD2225XJX3; IMEI: 355210752762407, hereinafter the "Device."  The Device is currently located at the Federal Bureau of Investigation, Redding Residential Agency.

6. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III.     PROBABLE CAUSE

7. In March 2025, FBI Cleveland Field Office arrested a subject for travelling to Ohio to engage in illicit sexual conduct with a minor. Following the arrest, investigators obtained a federal search warrant for the subject's iPhone 15. Within the iPhone 15, investigators discovered many conversations in an encrypted messaging application called Telegram, in which the subject sent and received CSAM (and discussed the sexual abuse of children) with various correspondents.

8. Within the Ohio subject's Telegram account, investigators found a conversation between the subject and a user named '@zodywody' dated March 6, 2025. '@zodywody' stated in the conversation that his preferred age range was 3-13-year-old males. During their Telegram conversation, '@zodywody' sent the subject approximately 19 videos of CSAM and approximately five (5) images of CSAM, and the subject sent '@zodywody' approximately 15 videos of CSAM.

9. For example, '@zodywody' sent the Ohio subject videos that depict:

a) An adult male having anal sex with an approximately 4-year-old male;

b) An approximately 6-year-old male performing oral sex on adult male;

c) An approximately 6-year-old male digitally penetrating his own anus.

10. The Ohio subject sent '@zodywody' videos that depict:

AFFIDAVIT                                          2

a)  An approximately 3-year-old male laying on back with feet bound and anus exposed;

b)  An adult male performing oral sex on an approximately 3-year-old male and an approximately 6-year-old male;

c)  An approximately 5-year-old male having anal sex with another approximately 5-year-old male.

11. On April 15, 2025, investigators subpoenaed Telegram for subscriber information and IP addresses associated with username '@zodywody'. Telegram responded with the following:

User #8197950883 @zodywody : +19169684165 [Zody ]

12. Utilizing law enforcement databases, investigators determined that phone number 916-968-4165 resolved to T-Mobile.

13. On September 11, 2025, investigators subpoenaed T-Mobile for subscriber information associated with phone number 916-968-4165. On September 12, 2025, T-Mobile responded with the following information:

Name: CARLOS DOMINGUEZ

Address: 1681 CHERRY ST, YUBA CITY, CA 95993

14. Investigators searched Dominguez in the California Department of Motor Vehicles system and found the following:

Name: Carlos Andrew Dominguez

Driver's License: Y4115772

Date of Birth (DOB): 03/08/2000

Address: 1681 Cherry St, Yuba City, California

15. A search of the National Crime Information Center (NCIC) revealed that Carlos Andrew Dominguez, DOB 03/08/2000, was convicted in California in 2023 for one count of Penal Code (PC) 311.11-Possession of CSAM >600 Images and was sentenced to two years in state prison. Dominguez is also a registered sex offender under California PC290. Dominguez's registered address is 1250 Kenny Drive, Apt 10, Yuba City, California.

16. Investigators contacted Chico Police Department and obtained the case file for Dominguez's 2023 conviction. In the case, Dominguez used the phone number 916-968-4165 to set up

online accounts he used to send and receive CSAM online. Dominguez drove a white Ford Focus with the California license plate 8XNJ258. When Dominguez was interviewed by Chico Police Department at the time of his arrest, he confirmed his phone number was 916-968-4165.

17. On December 19, 2025, Investigators conducted physical surveillance of 1250 Kenny Drive, Apt 10, Yuba City, CA and located a white Ford Focus with California license plate 8XNJ258 parked in the lot. CA 8XNJ258 is registered to Carlos Andrew Dominguez at 1250 Kenny Drive, Apt 10, Yuba City, CA.

18. On January 7, 2026, Investigators contacted Dominguez's former parole officer and learned the following:

   a) The parole officer communicated with Dominguez via phone call and text message at telephone number 916-968-4165 in the weeks surrounding March 6, 2025.

   b) On July 9, 2025, Dominguez received an inconclusive result on a polygraph because he indicated deception on a question related to masturbating to fantasies of minors and for exhibiting indicators of countermeasures during the test.

   c) As of September 2025, Dominguez had a 3-year-old male relative, a 5-year-old male relative, and a 13-year-old female relative living with Dominguez's mother, RD, at 1681 Cherry St, Yuba City, CA.

   d) Under the terms of Dominguez's probation, Dominguez was not allowed to have contact with minor children without a responsible adult present and with the permission of his parole officer. Dominguez was very close to his mother and met with her frequently but never requested to visit his minor relatives.

   e) Dominguez completed his probation term in September 2025 and is no longer restricted from contact with minors.

19. On January 9, 2026, United States Magistrate Judge Sean Riordan signed a federal arrest warrant for Dominguez. Dominguez was arrested without incident at the Lincoln Police Department a few hours later. Investigators found the Device in Dominguez's pants pocket during a search of his person and the Device was seized incident to the arrest.

20. Immediately following the arrest, Dominguez was interviewed at the Lincoln Police

AFFIDAVIT                                    4

Department and told investigators the following:

    a)    The Device was his cell phone and the phone number was 916-968-4165;

    b)    Dominguez used phone number 916-968-4165 for over five years;

    c)    Dominguez used the Device to trade CSAM as recently as mid-December 2025;

    d)    Dominguez used messaging applications including Telegram, TeleGuard, Session, and Zangi to trade CSAM;

    e)    Dominguez provided the passcode to the Device;

    f)    Dominguez consented to a search of the Device.

21. The Device is currently in the lawful possession of the Federal Bureau of Investigation. It came into the Federal Bureau of Investigation's possession in the following way: The Device was seized incident to the arrest of Carlos Andrew Dominguez on January 9, ~~2025~~ 2026 (NA). Therefore, while the Federal Bureau of Investigation might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

### IV.    TECHNICAL TERMS

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a)    Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and

        downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b)    IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static-that is, long-term-IP addresses, while other computers have dynamic-that is, frequently changed-IP addresses.

c)    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

23.    Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, and portable computer with access to the internet.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V.    ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

25.    There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

a)    Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been

        downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

    b) Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space-that is, in space on the storage medium that is not currently being used by an active file-for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

    c) Wholly apart from user-generated files, computer storage media-in particular, computers' internal hard drives-contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d) Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

26. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging

systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d) The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f)  I know that when an individual uses an electronic device, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime.  The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal

AFFIDAVIT                                         8

offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

27. <u>Nature of examination.</u> Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28. <u>Manner of execution.</u> Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

29. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

30. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online.

///
///
///
///

Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

/s/
Nathaniel Adler
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to me telephonically:      January 15, 2026

The Honorable CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/s/ Zachary Malinski
Approved as to form by AUSA ZACHARY MALINSKI

AFFIDAVIT                               10

## **ATTACHMENT A**

The property to be searched is a Motorola Edge 5G UW (2021); Serial Number: ZD2225XJX3; IMEI: 355210752762407, hereinafter the "Device." The Device is currently located at the Federal Bureau of Investigation, Redding Residential Agency.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252(a)(2):

1. Visual depictions of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or describing such conduct;

2. Video recordings of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

3. Information, electronic records, or correspondence pertaining to the possession, receipt, or distribution of visual depictions of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. Information regarding social-networking Internet sites or peer-to-peer networks and participants in such sites or networks;

5. Correspondence including, but not limited to electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

6. Records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

7. Credit card information, including bills and payment records showing subscriptions, membership payments, purchases, or sales of visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or for access to such material.

8. Records, electronic or otherwise, or other items that relate to peer-to-peer software or networks, or to use of such software or networks by individuals who exhibit a sexual interest in children. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

9. Evidence of who used, owned, or controlled the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, electronically-stored photographs, and correspondence;

10. Any and all stored information that can be retrieved and investigated for evidentiary value, inculpatory or exculpatory, and/or identify co-conspirators, and identify any investigatory leads.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of ) <br> Motorola Edge 5G UW (2021); Serial Number: ) <br> ZD2225XJX3; IMEI: 355210752762407, ) <br> CURRENTLY LOCATED AT the Federal Bureau of ) <br> Investigation, Redding Residential Agency ) <br> ) | Case No.   2:26-sw-0028 CSK |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     California
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

   **YOU ARE COMMANDED** to execute this warrant on or before     January 29, 2026     *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

   Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

   ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for  30  days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of                        .

Date and time issued:   January 15, 2026 at 11:18 a.m.         */s/ Chi Soo Kim*
                                                               *Judge's signature*

City and state:   Sacramento, California                       CHI SOO KIM, U.S. Magistrate Judge
                                                               *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
| I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant. <br><br> _____ <br> Subscribed, sworn to, and returned before me this date. <br><br> _____ <br> _____ <br> Signature of Judge                                                              Date |

## **ATTACHMENT A**

The property to be searched is a Motorola Edge 5G UW (2021); Serial Number: ZD2225XJX3; IMEI: 355210752762407, hereinafter the "Device." The Device is currently located at the Federal Bureau of Investigation, Redding Residential Agency.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Section 2252(a)(2):

1. Visual depictions of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or describing such conduct;

2. Video recordings of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

3. Information, electronic records, or correspondence pertaining to the possession, receipt, or distribution of visual depictions of child pornography and minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

4. Information regarding social-networking Internet sites or peer-to-peer networks and participants in such sites or networks;

5. Correspondence including, but not limited to electronic mail, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

6. Records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions of any kind involving the transmission through interstate or foreign commerce including by United States mail or by computer of any visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

7. Credit card information, including bills and payment records showing subscriptions, membership payments, purchases, or sales of visual depiction of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or for access to such material.

8. Records, electronic or otherwise, or other items that relate to peer-to-peer software or networks, or to use of such software or networks by individuals who exhibit a sexual interest in children. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

9. Evidence of who used, owned, or controlled the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, electronically-stored photographs, and correspondence;

10. Any and all stored information that can be retrieved and investigated for evidentiary value, inculpatory or exculpatory, and/or identify co-conspirators, and identify any investigatory leads.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.